## HALSTED v. BUSTER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

Argued November 23, 1886. — Decided December 13, 1886.

When the jurisdiction of a circuit court of the United States in an action at law depends upon the citizenship of the parties to the suit, the declaration must show the necessary relative citizenship.

When the judgment of the court below is reversed by reason of failure of the pleadings to show the citizenship necessary to give jurisdiction, it is within the discretion of that court, on the case coming back, to allow amendments to cure the defect.

This was an action at law to try title to real estate. The declaration was as follows:

" John Halsted, a citizen of the city of New York and of the State of New York, complains of William B. Buster and Eldridge Barrett for that heretofore, to wit, on the first day of February, 1873, the said plaintiff was possessed in fee of a certain tract or parcel of land lying and being in the county of Fayette and State of West Virginia, which land was conveyed by Robert Soulter, trustee, to John Halsted on the 6th of June, 1864, but which land is more particularly described in a deed from William K. Smith and Anderson G. Grinnan to the Forest Hill Mining and Manufacturing Company, dated on the 15th day of June, 1867, as follows, to wit [Here follows a description by metes and bounds]; also a certain parcel

of land bounded on the south by the foregoing boundary, on the north by the Great Kanawha River, being the westerly part of the Huddleston survey by a line running from the northerly to the southerly side of the same, containing about one hundred acres, being a part of the tract known as the Huddleston tract. And, being possessed of the whole of the foregoing described land, the defendants afterwards, to wit, on the 10th day of February, 1873, entered into said premises and unlawfully withheld from said plaintiff the possession thereof, to his damage of $5000."

Defendants pleaded not guilty. A trial was had, resulting in a verdict for defendants, and judgment was entered on the verdict; to review which this writ of error was sued out.

_Mr. A. Burlew_ for plaintiff in error.

_Mr. J. F. Brown_ (_Mr. W. Mollohan_ was with him on the brief) for defendants in error.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This record does not show that the Circuit Court had jurisdiction of the suit, which depends alone on the citizenship of the parties. In the declaration it is stated that Halsted, the plaintiff, is a citizen of New York, but nothing is said of the citizenship of the defendants. Neither is there anything in the rest of the record to show what their citizenship actually was. For this reason the judgment is reversed, but, as the fault rests alone on the plaintiff, whose duty it was in bringing the suit, to make the jurisdiction appear, the reversal will be at his cost in this court. _Hancock_ v. _Holbrook_, 112 U. S. 229. If the citizenship of the defendants was, in fact, such at the commencement of the suit as to give the Circuit Court jurisdiction, it will be in the power of that court, when the case gets back, to allow the necessary amendment to be made and then proceed to trial. This whole subject was recently considered at the present term in _The Continental Life Insur-_

*ance Co.* v. *Rhoads, ante,* 237, and it is only necessary to refer now to the opinion in that case and the authorities there cited for the reasons of this judgment.

*Reversed at the cost of the plaintiff in error.*