# CASES

## ARGUED AND DETERMINED

#### IN THE

# United States Circuit and District Courts.

---

### OLESON *et al. v.* NORTHERN PAC. R. CO.

*(Circuit Court, D. Washington, S. D.* September 9, 1890.)

1. JURISDICTION—AMOUNT IN CONTROVERSY—PLEADING.
   It is essential to the jurisdiction of a United States circuit court, in any case, that the amount or value of the matter in dispute must exceed $2,000; and this must be distinctly alleged in the bill of complaint.
2. SAME—INJUNCTION—MATTER IN DISPUTE.
   Where the object of the suit is to restrain the use of property by a party other than the owner, the right to use the property is the matter in dispute, and the value of such right must determine the question of jurisdiction.

*(Syllabus by the Court.)*

In Equity.
*Norman Buck,* for plaintiff.
*J. H. Mitchell* and *E. H. Sullivan,* for defendant.

HANFORD, J. This is a suit for an injunction to restrain the operation by the defendants of a certain railroad alleged to have been unlawfully constructed in a public highway known as the "Almota Road," situated in the town of Palouse City, Whitman county, in this state, and which is an obstruction of said public highway, and specially injurious to the plaintiffs, who each own in severalty certain lots abutting upon said highway, the use of the highway being necessary to afford ingress and egress to and from said lots. One Skeels, who is not a party to this suit, built the railway complained of for his individual convenience and use, in connection with the operation of a saw-mill which he owns. The defendant, under a contract with Skeels, furnished certain iron and materials used in constructing the road, and has done some work towards completing the railway, and proposes to operate it in connection with another railway of which it is lessee. The above-recited facts appear by the bill and affidavits on file. The case has been argued and submitted upon the plaintiffs' application for a temporary restraining order and the defendant's demurrer to the bill.

The demurrer assigns several grounds, among others want of jurisdiction in the court, for the reason that it does not appear that the matter in dispute between the parties to the suit exceeds the sum or value of $2,000. In my opinion this objection to the jurisdiction is well taken, and fatal to the case, and therefore it will be unnecessary to consider either of the other questions raised, unless by an amendment of the bill the particular defect mentioned shall be cured. By the statute defining the jurisdiction of the circuit courts of the United States it is made essential to the jurisdiction of the court that, except in certain specified cases, the matter in dispute must exceed the sum or value of $2,000, exclusive of interest and costs. 25 U. S. St. 433. Every party invoking aid or protection from a circuit court of the United States must show affirmatively all the facts necessary to entitle him to the relief prayed for, and to authorize the court to grant it; and the sum or value of the matter in dispute, like every other jurisdictional fact, must be distinctly alleged in the bill. Fost. Fed. Pr. § 108; *U. S.* v. *Coke Co.*, 18 Fed. Rep. 708. The case has been argued on the part of the plaintiffs as if the railway (which is alleged to be of the value of $6,000) were the matter in dispute; but I cannot agree that it is so. The suit is brought simply to restrain the use, by a party not the owner of it, of a railway, and the rule for computing the value of the matter in dispute is not the same as in a suit to abate a nuisance, as, for example, to remove an obstruction to the public highway mentioned by destruction of this railway. The court cannot by any process cause a destruction of the railway, or impair its value, because it appears upon the face of the bill that parties not within the jurisdiction of this court have rights respecting it, which rights, of course, cannot be affected by any decree the court can lawfully make. The matter in dispute between these plaintiffs and this defendant, as the bill shows, is the right of the defendant to operate the railway mentioned. From the allegations of the bill it cannot be ascertained what the value of that right is, or whether it is of any value. For this reason only the demurrer will be sustained.