THOMPSON v. AUTOMATIC FIRE PROTECTION CO. et al.

(Circuit Court, E. D. New York. February 12, 1907.)

PLEADING—AMENDMENT—SUPPLYING JURISDICTIONAL ALLEGATIONS.

A complainant in a federal court will be granted leave to amend his bill by alleging that the matter in dispute exceeds in value the sum of $2,-000, exclusive of interest and costs, where, at the time of the motion, the record shows such to be the fact, and the defect is merely one of pleading.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 647.]

In Equity. On motion for leave to amend bill.

Duncan & Duncan (Frederick S. Duncan, of counsel), for complainant.

Griggs, Baldwin & Pierce (Martin Conboy, of counsel), for defendant Automatic Fire Protection Company.

CHATFIELD, District Judge. This is a motion made by the complainant to amend its bill of complaint by inserting a clause to the effect that the subject-matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000. The action is one in equity, for the specific performance by the defendant Shipman of an alleged contract to assign certain inventions and patent rights to the complainant, and for other relief.

The complainant filed a bill in November, 1906, in the Eastern district of New York, and on the December rule day the defendant the Automatic Fire Protection Company filed a general appearance. It subsequently filed a demurrer, setting forth, first, that the court was without jurisdiction because the bill did not allege that the amount involved exceeded the sum of $2,000; and, second, that it appears from the bill that the complainant is a citizen and resident of the state of New Jersey, and one defendant, the Automatic Fire Protection Company, is a citizen and resident of the state of Maine, and that the bill is therefore brought in a district of which neither the complainant nor defendant is a resident.

The complainant, admitting the defect claimed as the first ground of demurrer, obtained an order directing the defendant corporation to show cause why the bill of complaint should not be amended under equity rule No. 29. The complainant cites many cases substantiating the general proposition that where the record of the case, up to the time of the motion, shows jurisdiction in the particular court, but there is a defect in the allegations of the pleadings with relation to the setting forth of the grounds of that particular jurisdiction, amendment will be allowed upon motion. This may occur either before or during the taking of evidence. In the case at bar the allegation in the moving affidavits as to the amount involved is not controverted, and the record therefore now shows a subject of controversy exceeding in value the jurisdictional sum of $2,000. The cases of Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70; Bowden et al. v. Burnham et al., 59 Fed. 752, 8 C. C. A. 248; Carnegie, Phipps & Co. v. Hulbert et al., 70 Fed. 209, 16 C. C. A. 498; Carr v. Fife (C. C.) 45 Fed. 209; Id., 156 U. S. 494,

15 Sup. Ct. 427, 39 L. Ed. 508; Robinson v. Suburban Brick Co, 127 Fed. 804, 62 C. C. A. 484; Clausen v. American Ice Co. (C. C.) 144 Fed. 723—support the proposition that an amendment should be allowed. In Continental Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380, the Supreme Court not only seems to recognize the rule, but directs that the case be remanded to the Circuit Court, in order that an opportunity may be given to the complainant to amend his complaint. Halstead v. Buster, 119 U. S. 341, 7 Sup. Ct. 276, 30 L. Ed. 462, and Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966, 35 L. Ed. 657, approve of the doctrine that a pleading may be amended even after an appeal to the Supreme Court of the United States.

The defendant corporation cites three cases in opposition to the application, one of which (Oleson et al. v. Northern Pacific Ry. Co. [C. C.] 44 Fed. 1), after holding that the bill of complaint should aver that the value of the matter in controversy exceeds $2,000, if the jurisdiction of the court depends upon diversity of citizenship, and therefore deciding that the bill in that particular action was bad for this reason, went on to consider other grounds which would also be fatal, but which it was unnecessary to consider, unless an amendment of the bill should cure the particular defect mentioned. Other cases mentioned are Tod v. Cleveland & M. V. Ry. Co., 65 Fed. 145, 12 C. C. A. 521, and Pliable Shoe Co. v. Bryant (C. C.) 81 Fed. 521, which sustain a demurrer to a complaint upon the ground that the amount of the controversy is not set forth. No motion to amend is involved, and no disposition of the case is made other than to decide as to the sufficiency of the demurrer. In the case of Dickinson v. Consolidated Traction Co. (C. C.) 114 Fed. 232, Judge Gray sustains a defect of jurisdiction, and refuses to allow an amendment upon the ground that:

"This court cannot permit a bill to be amended in a case over which it has no jurisdiction. Jurisdiction must affirmatively appear at every stage of the case."

The many cases in which an amendment has been allowed would seem to be differentiated from the idea which was present in Judge Gray's mind, by the fact that the record in each of these cases, at the time of the motion, had shown that jurisdiction did exist, and that the defect in the allegation was technical.

As to the further question suggested, the defect in jurisdiction in this district arising from the citizenship of the parties in other states, it need only be said that the general notice of appearance would seem to be a waiver of this defect. St. Louis & San Francisco Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Fosha v. Western Union (C. C.) 114 Fed. 701; Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401. That question can, however, be more carefully considered upon a hearing of the demurrer, if the defendants see fit to demur to the amended complaint which this motion asks leave to file.

Motion to amend within 10 days is granted, without costs to either party.