TAYLOR v. WEIR.

(Circuit Court of Appeals, Third Circuit. May 17, 1909.)

No. 27.

1. COURTS (§ 322*)—JURISDICTION OF FEDERAL COURTS—NECESSITY OF JURISDICTIONAL FACTS APPEARING ON THE RECORD.

To sustain the jurisdiction of a Circuit Court of the United States on the ground of diversity of citizenship, that fact must be positively and unequivocally averred at the outset in the pleadings of the party invoking the jurisdiction, or it must appear affirmatively and with equal distinctness elsewhere in the record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 315*)—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—SUIT AGAINST UNINCORPORATED ASSOCIATION.

Code Civ. Proc. N. Y. § 1919, provides that on a cause of action against a joint-stock association organized under the laws of the state an action may be brought against its president or treasurer, any judgment therein, however, to bind only the property of the association. It is further provided that such an action may be brought against all of the members of the association. Held, that such statute cannot affect the jurisdiction of a federal court in another state, and that, in an action therein against the president of such an association on a cause of action against the association, such president is not a real party to the controversy, within the meaning of the Constitution and laws of the United States, but merely a nominal party, and his citizenship is unavailable to confer jurisdiction on the court; the citizenship of the other members of the association not appearing.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 861; Dec. Dig. § 315.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 162 Fed. 585.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. Morris Wales, for plaintiff in error.

John Lewis Evans, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRAD-FORD, District Judge.

GRAY, Circuit Judge. The plaintiff in error, who was the plaintiff below, being the owner of certain furs which she valued at more than $2,000, delivered them in Philadelphia to an agent of the Adams Express Company, to be carried to a certain address in New York. The goods were lost or stolen while in the hands of the carrier, and were never delivered or in any way accounted for. She accordingly commenced suit in the court of common pleas of Philadelphia county, against "Adams Express Company," by serving the writ of summons upon the agent in charge of the business of said company in Philadelphia. After filing the statement of claim and the rule to plead thereon, defendant's counsel entered a restricted appearance for the purpose of moving a rule on plaintiff to show cause why the writ should not be quashed. This motion was accompanied by an affidavit of a member of the board of managers of the Adams Express Company, stating that Adams Express Company was a joint-stock association, consisting of seven or more persons, organized under the laws of the state of New York; that under and by virtue of said laws, "Adams Express Company" may be sued only in the name of its president or treasurer, and that said company is registered in the office of the Auditor General of the commonwealth of Pennsylvania, in compliance with the act of June 7, 1879 (P. L. 112), and its amendments, and is lawfully doing business in said state by virtue of said registration, and that the name of the president of Adams Express Company is Levi C. Weir. This rule was granted by the court, and all proceedings stayed until the return thereof.

Afterwards, on motion of counsel for the plaintiff, and upon rule granted, the name of the defendant on the praecipe, writ, statement, and docket entries in the case was amended, so as to read, "Levi C. Weir, as president of Adams Express Company, a joint-stock association," and appearance was then entered by counsel for Levi C. Weir, as president of Adams Express Company, and thereupon, upon petition of said Weir, as president, etc., alleging that he was a citizen of the state of Ohio, and that the plaintiff was a citizen of the commonwealth of Pennsylvania, and that the amount in controversy was in excess of $2,000, etc., the record of the said cause was, upon appropriate proceedings had in accordance with the act of Congress in that behalf, ordered to be removed from the said court of common pleas of the commonwealth of Pennsylvania into the Circuit Court of the United States for the Eastern District of Pennsylvania. The cause having been pleaded to issue in said last-mentioned court, a trial by jury was duly proceeded with, and a verdict and judgment thereon for $159 was duly entered by the court. Motion was made for a new trial by counsel for the plaintiff, and among the reasons filed therefor was one suggesting that the court had no jurisdiction, and praying for a rule on the defendant to show cause why the plaintiff should not have leave to amend the record, by striking out the words "Levi

C. Weir, as president," and why the verdict should not be set aside, the case dismissed, and the record remanded to the said court of common pleas, for want of jurisdiction. The court denied the motion for a new trial, overruling the motion to amend the record, as prayed for; whereupon the plaintiff sued out his writ of error, which brings before us the whole record in the case below. Assignments of error cover exceptions to the charge of the court, upon which questions relating to the merits of the case have been argued at length before us, and the fifth assignment is for error in refusing to grant the motion of plaintiff's attorney at the trial, to remand the case for want of jurisdiction.

In the view taken by this court, it will only be necessary to consider the question of jurisdiction. This question is presented on the face of the record before us. It is a question that can be dealt with at any stage of the cause, by this court as well as by the court below, and with or without suggestion or motion from counsel on either side. Circuit Courts of the United States are courts of limited jurisdiction, and the jurisdictional facts must clearly appear upon the face of the record, the presumption being that a cause is without its jurisdiction, unless the contrary affirmatively appears. In the present case, the only ground of jurisdiction is the diverse citizenship of the parties to the controversy involved in the suit. This jurisdictional fact must appear on the face of the record, and should be positively and unequivocally averred at the outset and in the pleadings of the party who invokes the jurisdiction, or it must appear affirmatively and with equal distinctness in other parts of the record. Ex parte Smith, 94 U. S. 455, 24 L. Ed. 165; Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Grace v. Am. Cent. Ins. Co., 109 U. S. 284, 3 Sup. Ct. 207, 27 L. Ed. 932.

The case before us was removed from the state court into the Circuit Court of the United States, upon the statement, not denied, that the plaintiff was a citizen of the commonwealth of Pennsylvania and resident therein, and that the defendant, Levi C. Weir, is a citizen of the state of Ohio. We have already referred to what the record discloses as to the suit being originally brought in the state court against "Adams Express Company," and the amendment to the writ and proceedings made on the motion of the plaintiff, by which Levi C. Weir, as president of the said company, was made defendant. It appears by the record, and is not denied, that the Adams Express Company, of which the defendant is president, is an unincorporated association, or stock company, and that under the laws of the state of New York (see Code Civ. Proc. § 1919) an action may be maintained against the president or treasurer of such an association—

"to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action * * * against all the associates, by reason of their interest or ownership, or claim of ownership, therein, either jointly or in common, or their liability therefor, either jointly or severally. Any partnership or other company of persons which has a president, or treasurer, is deemed an association within the meaning of this section. * * * In such an action, the officer against whom it is brought, cannot be arrested, and judgment against him does not authorize an execution to be issued against his property, or his person, nor does the docketing thereof bind his real property or chattels real. Where such a judgment is for a sum of money, an execution issued thereupon must require the sheriff to satisfy the same out

of any personal property belonging to the association, or owned, jointly or in common, by all the members thereof, omitting any direction respecting real property."

And it is further provided that these proceedings do not prevent an action from being brought against all the members of such an association. It is perfectly clear that the Adams Express Company, not being a corporation, but an unincorporated stock company or partnership, cannot, as such, have citizenship attributed to it as an entity, apart from that of its individual members, nor, apart from special legislation, can they be made party defendants by their partnership or stock company name. The state of New York has sought to meet this difficulty within its own jurisdiction, by the provisions of law above referred to, but these provisions are not sufficient to confer jurisdiction on the United States Circuit Court in the state of Pennsylvania. The president or treasurer of the partnership or stock association, who may be made a defendant in any cause of action upon which the individual members of the partnership or association are liable, is not a real party to the controversy, within the meaning of the Constitution and laws of the United States. Such a party does not stand in the relation to the members of the partnership or association, in which a trustee stands to his cestuis que trust, or an executor or administrator to the estate of his testator or decedent. He is vested with no property rights and incurs no liability in the suit authorized by the act to be instituted against him. He is a merely nominal defendant, through whose appearance in the suit, under the laws of New York, the controversy with, and the liability of, the association and its members may be carried on and asserted. The real controversy is between the plaintiff and the association, or its members, and not in any sense between her and the president of such an association, and his citizenship was unavailing to confer the requisite jurisdiction on the court below.

As said by the Supreme Court, in McNutt v. Bland, 2 How. 10, 11 L. Ed. 159, where, by the law of Mississippi, sheriffs were required to execute bonds to the Governor of the state and his successors, and an action was brought in the name of the Governor, for the use of citizens of New York, against the defendants, who were citizens of Mississippi:

"In this case, there is a controversy and suit between citizens of New York and Mississippi; there is neither between the Governor and the defendants. As the instrument of the state law to afford a remedy against the sheriff and his sureties, his name is on the bond and to the suit upon it, but in no just view of the Constitution or law can he be considered as a litigant party; both look to things, not names; to the actors in controversies and suits, not to the mere forms or inactive instruments used in conducting them in virtue of some positive law."

So, also, in the case of Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108, the same court states the principle thus:

"That where the real and only controversy is between citizens of different states * * * and the plaintiff is by some positive law compelled to use the name of a public officer who has not, or ever had any interest in or control over it, the courts of the United States will not consider any others as parties to the suit than the persons between whom the litigation before them exist."

See, also, in further illustration of this principle, Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Knapp v. Railroad Co., 20 Wall. 117, 22 L. Ed. 328.

Of course, it matters not whether such nominal party be plaintiff or defendant, so far as his citizenship is concerned, in determining the jurisdiction of the court. In Chapman v. Barney, 129 U. S. 678, 9 Sup. Ct. 426, 32 L. Ed. 800, the Supreme Court says:

"In its original form, this was an action of assumpsit, brought in the court below by the United States Express Company, alleged to have been organized under and by virtue of the laws of the state of New York, and a citizen of that state, against Heman B. Chapman, a citizen of Illinois"

—to recover a certain sum of money alleged to have been entrusted to him for delivery, etc. There was a verdict and judgment thereon, in the usual form, for the sum sought to be recovered. A writ of error was sued out by the defendant, and three assignments of error were urged before the court, none of which touch any question of jurisdiction. The court, after a brief reference to them and to their merits, says:

"But aside from all this, we are confronted with the question of jurisdiction, which, although not raised by either party in the court below or in this court, is presented by the record, and under repeated decisions of this court must be considered. Sullivan v. Fulton Steamboat Co., 6 Wheat. 450, 5 L. Ed. 302; Jackson v. Ashton, 8 Pet. 148, 8 L. Ed. 898; Grace v. American Central Ins. Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932; Continental Ins. Co. v. Rhoads, 119 U. S, 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Cameron v. Hodges, 127 U. S. 322, 8 Sup. Ct. 1154, 32 L. Ed. 132, and authorities there cited. The ground upon which the jurisdiction of the federal court is invoked is that of diverse citizenship of the parties. In Robertson v. Cease, 97 U. S. 646, 649, 24 L. Ed. 1057, it was said that 'where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness, in other parts of the record,' citing Railway Co. v. Ramsey, 22 Wall. 322, 22 L. Ed. 823; Bridges v. Sperry, 95 U. S. 401, 24 L. Ed. 390.; and Brown v. Keene, 8 Pet. 112, 8 L. Ed. 885. See, also, Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 874, 30 L. Ed. 914; Halsted v. Buster, 119 U. S. 341, 7 Sup. Ct. 276, 30 L. Ed. 462; Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623. On looking into the record, we find no satisfactory showing as to the citizenship of the plaintiff. The allegation of the amended petition is that the United States Express Company is a joint-stock company organized under a law of the state of New York, and is a citizen of that state. But the express company cannot be a citizen of New York, within the meaning of the statutes regulating jurisdiction, unless it be a corporation. The allegation that the company was organized under the laws of New York is not an allegation that it is a corporation. In fact, the allegation is that the company is not a corporation, but a joint-stock company—that is, a mere partnership. And, although it may be authorized by the laws of the state of New York to bring suit in the name of its president, that fact cannot give the company power, by that name, to sue in a federal court. The company may have been organized under the laws of the state of New York, and may be doing business in that state, and yet all the members of it may not be citizens of that state. The record does not show the citizenship of Barney or of any of the members of the company. They are not shown to be citizens of some state other than Illinois. Grace v. American Central Ins. Co., supra, and authorities there cited. For these reasons we are of the opinion that the record does not show a case of which the Circuit Court could take jurisdiction. The judgment of that court must therefore be reversed at the costs, in this court, of the defendant in error."

The courts of New York, and possibly those of Pennsylvania, being courts of general jurisdiction, may entertain such a suit, but authority, as well as reason, compels us to the conclusion that this record does not show a case of which the Circuit Court of the United States in Pennsylvania could take jurisdiction, and that the judgment of the court below must therefore be reversed, with directions to that court to remand the case to the state court, whence it was removed. And it is so ordered.