SPENCER v. PATEY.

(Circuit Court of Appeals, Second Circuit. May 8, 1917.)

No. 254.

1. APPEAL AND ERROR ⬅️840(2)—REVIEW—JURISDICTION.
   On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of the appellate court, and then of the lower court, which must be disposed of, though not raised by the parties.

2. COURTS ⬅️23—JURISDICTION—CONSENT.
   Jurisdiction cannot be conferred by consent or the failure of the parties to raise the question in the trial court.

3. CITIZENS ⬅️2—JOINT-STOCK COMPANIES.
   A joint-stock association is not a citizen, and its status in the federal courts must be judged by the citizenship of its members.

4. COURTS ⬅️322(3)—FEDERAL COURTS—JURISDICTION.
   As a joint-stock association is not a citizen, and its status in the federal courts must be judged by the citizenship of its members, a complaint alleging that plaintiff was a citizen and resident of New Jersey, and that defendant was a joint-stock association with its principal place of business in New York, does not allege facts requisite to give the federal courts jurisdiction for the ground of diversity of citizenship.

In Error to the District Court of the United States for the Southern District of New York.

Action by Edward Patey against Caleb S. Spencer, as treasurer, etc. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to dismiss the complaint.

This case comes here on writ of error to review a judgment entered upon the verdict of a jury in favor of the plaintiff, Edward Patey, in the sum of $2,100 for injuries sustained by him by reason of the alleged negligence of the defendant. The parties will be hereafter designated as they appeared in the court below, as plaintiff and defendant.

Edward V. Conwell and George W. Smyth, both of New York City, for plaintiff in error.

R. Frank Thompson and Leonard F. Fish, both of New York City, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge.  [1] It is unnecessary to discuss the merits of this controversy for the reason that we are convinced that the District Court for the Southern District of New York, where the case was

tried, had no jurisdiction. In Railway Co. v. Swan, 111 U. S. 379, at page 382, 4 Sup. Ct. 510, at page 511, 28 L. Ed. 462, Mr. Justice Matthews says:

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

[2] Jurisdiction cannot be conferred by consent or the failure of the parties to raise the question in the trial court. Minnesota v. Northern Sec. Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870; Great Southern Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 842.

[3, 4] In short, if the court has no jurisdiction it cannot proceed, and when this appears, whether in the trial court or the appellate court, there is no alternative but to decline to entertain the cause. This being the law, we turn to the record and find a controversy of which the District Court has no jurisdiction upon the allegations or the proofs. The complaint alleges upon information and belief that the defendant is "a joint stock association, with its principal business in the borough of Manhattan, city of New York, and that the said Caleb S. Spencer is the treasurer thereof." It alleges further that "the plaintiff was and still is a resident of the city of Jersey City, state of New Jersey." Manifestly the complaint contains no allegation of adverse citizenship and fails to state facts which confer jurisdiction upon the District Court for the Southern District of New York. There is no proof as to the citizenship of the defendant other than an allegation that it is "a joint-stock association with its principal office and place of business in the borough of Manhattan, city of New York, and that the said Caleb S. Spencer is the treasurer thereof." In short, we think it must be assumed that there is no proof whatever of facts giving this court jurisdiction.

As the record now stands, the action is brought by a resident of New Jersey against a joint-stock company having its principal office in the city of New York. A joint-stock association is not a citizen and its status in the federal courts must be judged by the citizenship of its members. There is no allegation or proof in the record as to the citizenship of the members of the defendant association. Taylor v. Weir, 171 Fed. 636, 96 C. C. A. 438. The complaint and the proofs fail to state a cause of action of which the District Court had jurisdiction. Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Thomas v. Ohio University, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160.

We think the judgment should be reversed with costs and the cause remanded to the District Court with instructions to dismiss the complaint without prejudice.