**John Edward CROCKARD**

v.

**PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PENNSYLVANIA.**

**Civ. A. No. 20932.**

United States District Court
E. D. Pennsylvania.

Oct. 31, 1956.

No attorney for plaintiff.

Philip H. Strubing, Philadelphia, Pa., for defendant.

LORD, District Judge.

This matter comes before the Court on defendant's motion to dismiss. The reasons advanced are that the complaint, as amended, does not state a claim upon which relief can be granted, and lack of jurisdiction of the Court over the subject matter set forth in the complaint. I shall consider the issues in that order.

The plaintiff in this action is presently incarcerated at Jackson, Michigan. The complaint, which was drawn by the plaintiff himself, alleges that on June 13, 1953, the defendant entered into a conspiracy to publish untrue statements respecting the sanity of the plaintiff. The alleged reprehensible remarks attributed by plaintiff to defendant-publishing company included such appellations as "insane", "strange looking", and "possessed of hallucinations". These statements, the plaintiff complains, have caused his family and himself great damage, thus the instant suit.

On the issue that the complaint does not state a claim upon which relief can be granted, similar circumstances were present in Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. There a most inartistic home-drawn complaint withstood an attack based on insufficiency because within the four corners of the document some claim against the defendant could be spelled out. A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be and inartistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegation that he is suing in "criminal libel" should not be literally construed.

The complaint is hard to understand but this with nothing more should not bring about a dismissal of the complaint. Particularly is this true where defendant is not represented by counsel and in view of Rule 8(f) of the Rules of Civil Procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice. Burt v. City of New York, 2 Cir., 1946, 156 F.2d 791. Accordingly, the complaint will not be dismissed for insufficiency.

Since the federal courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends. Stein v. Brotherhood of Painters, Decorators and Paper Hangers of America, D.C.D.N.J.1950, 11 F.R.D. 153. An examination of the complaint discloses that the jurisdiction allegations are defective in that there is an averment of "diversity of inhabitants" as distin-

guished from "diversity of citizenship". Wherever jurisdiction is predicated upon the citizenship of the parties, it has been held that since a "resident" (or "inhabitant" as in this case) is not the equivalent of citizenship, an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship. Kelleam v. Maryland Casualty Co. of Baltimore, 10 Cir., 1940, 112 F.2d 940.

It is settled that jurisdictional facts must be affirmatively pleaded. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183. However, this defect is not fatal if "diversity of citizenship" actually exists. Watters v. Ralston Coal Co., D.C.M.D.Pa.1941, 38 F.Supp. 16; Halsted v. Buster, 1886, 119 U.S. 341, 7 S.Ct. 276, 30 L.Ed. 462; 28 U.S.C.A. § 1653.

For the above reasons, it is ordered that defendant's motion to dismiss be and the same is hereby granted, unless within thirty days from the date of the filing of this opinion, plaintiff amends his complaint to cure the defects contained therein.