**William C. SOLICH, Plaintiff,**

v.

**George H. WHEELING, M.D., Orthopedic Specialists, Inc., and Lee Hospital, Defendants.**

**Civ. A. No. 82–94.**

United States District Court, W. D. Pennsylvania.

March 31, 1982.

Daniel T. McCarthy, Pittsburgh, Pa., for plaintiff.

James Francis O'Malley, Johnstown, Pa., for defendants George H. Wheeling, M.D. and Orthopedic Specialists, Inc.

Paul K. Vey, Hollidaysburg, Pa., for defendant Lee Hospital.

## MEMORANDUM

MARSH, District Judge.

In the above entitled case, the plaintiff, William C. Solich, on January 22, 1982, filed and served a Complaint on the defendants, George H. Wheeling, M.D., Orthopedic Specialists, Inc. and Lee Hospital.

On February 4, 1982, the defendants, George H. Wheeling, M.D. and Orthopedic Specialists, Inc., filed an Answer and New Matter. The New Matter alleged that the Complaint was barred by the Statute of Limitations and requested dismissal of the action.

On February 18, 1982, the defendant, Lee Hospital, filed a Motion to Dismiss "by reason of plaintiff's failure to state a claim upon which relief can be granted." The Complaint alleges the following facts which defendant, Lee Hospital, contends are insufficient to state a claim against it:

(1) that the plaintiff alleged he entered the hospital and underwent surgery on June 4, 1979; and

(2) that the plaintiff alleged that he began to experience shortness of breath, a burning sensation in his chest, difficulty in breathing and substantial pain in and about the chest and rib area subsequent to his surgery.

The Motion to Dismiss also sets forth that "[p]laintiff's demand for interest on the damages is contrary to the Rules of Procedure and the case law and should be stricken."

An evidentiary hearing was held on March 10, 1982. All the defendants were represented by counsel. No evidence was presented. Briefs were ordered.

Following the hearing the defendants, George H. Wheeling, M.D. and Orthopedic Specialists, Inc., on March 11, 1982, filed a

Motion to Dismiss the action as to them because the Complaint failed to state a claim upon which relief can be granted.

In our opinion, the defendants' Motions to Dismiss should be denied.

## I.

Federal Rule of Civil Procedure § 8(a)(2) provides:

"Claims for Relief. A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief ...."

Section 8(e) specifies:

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Section (f) provides:

"All pleadings shall be so construed as to do substantial justice."

Of course, "[a] [complaint] may be dismissed on motion if clearly without any merit ...." 2A Moore's Federal Practice ¶ 12.08 at p. 2271. However, "[a] complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn." *Crockard v. Publishers, Saturday Evening Post Mag.*, 19 F.R.D. 511, 512 (E.D.Pa.1956).

In *Bodine Produce, Inc. v. United Farm Wkrs. Org. Com., et al.*, 494 F.2d 541 (9th Cir. 1974), at page 556, it is stated:

"It is clear that the intent of Rule 8(a)(2) is to require that the pleader's 'short plain statement' give to the 'defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' *Conley v. Gibson*, 355 U.S. 41, 47 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957). In determining whether a pleading meets this standard, it must be 'construed as to do substantial justice.' Rule 8(f), Federal Rules of Civil Procedure.

"These are not demanding standards. The Supreme Court has stated that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson, supra*, 355 U.S. at 45 [78 S.Ct. at 101]. Moore indicates that a motion to dismiss is not to be granted except when it appears 'to a certainty' that the plaintiff could prove no state of facts in support of his claim which would entitle him to relief.[1] This Court has cited the following passage from Wright, Law of Federal Courts, 285–86 (2d ed. 1970) with approval:

" 'A complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations. This rule, which has been stated literally hundreds of times, precludes final dismissal for insufficiency of the complaint except in the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief.'[2]

"This tolerance with respect to claims for relief (as well as the correlative intolerance with respect to motions to dismiss) rests upon the principle that discovery and other pretrial procedures serve the purpose of more precise disclosure of the facts, thereby narrowing both the disputed facts and the issues left for trial. On the other hand, pleading, to repeat, need only give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' "[3]

In Moore's Federal Practice, Vol. 2A ¶ 12.08, pp. 2265–2285, it is stated:

"The motion to dismiss under Rule 12(b)(6) performs substantially the same

---

1. 2A Moore's Federal Practice, ¶ 8.13, p. 1706.

2. *Retana v. Apartment, Motel, Hotel and El. Op. Union Local No. 14*, 453 F.2d 1018, 1022 (9th Cir. 1972); *Harman v. Valley Nat'l Bank of Arizona*, 339 F.2d 564, 565 (9th Cir. 1964);

*Corsican Prod. v. Pitchess*, 338 F.2d 441 (9th Cir. 1964).

3. *Conley v. Gibson, supra*, 355 U.S. at 47, 78 S.Ct. at 102.

function as the old common law general demurrer. A motion to dismiss is the usual and proper method of testing the legal sufficiency of the complaint. For the purposes of the motion, the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted.

" 'A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.* Pleadings are to be liberally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement." *Harman v. Valley Nat'l Bank of Arizona,* 339 F.2d 564 (9th Cir. 1964). (Footnotes omitted.)

█ The Complaint involved consists of nine paragraphs. It alleges, *inter alia,* that on June 3, 1979, the plaintiff was admitted to Lee Hospital for surgery and that on June 4, 1979, surgery was there performed by George H. Wheeling, M.D.; that subsequent to the surgery, specifically, on January 27, 1980, after diagnosis, the plaintiff was informed by his physician in Florida that no oxygen was passing into his left lung and that the surgery performed on June 4, 1979, negligently caused paresis of plaintiff's left phrenic nerve thereby causing the left lung to receive no oxygen.

These allegations are sufficient in stating that plaintiff's cause of action accrued on January 27, 1980, and therefore, the Complaint filed on January 22, 1982, was within the two year Statute of Limitations.

█ The allegations in Paragraph Nine of the Complaint state:

"Based upon pre- and post-operative radiology reports, the Plaintiff believes, and therefore avers, that the Defendants, jointly and severally, during the course of the surgery on June 4, 1979, negligently caused paresis of the Plaintiff's left phrenic nerve, thereby causing the left lung to receive no oxygen."

In our opinion, this allegation though vague and lacking in detail, sufficiently states a claim that the defendant hospital and its operating room personnel were negligent; it sufficiently alleges ostensible agency of the hospital's operating room personnel without specifically identifying them or making them party defendants; Cf. *Capan v. Divine Providence Hospital, et al.,* 287 Pa.Super. 364, 430 A.2d 647 (1980); *Jones v. Harrisburg Polyclinic Hospital, et al.,* 496 Pa. 465, 437 A.2d 1134 (1981). *Ybarra v. Spangard, et al.,* 25 Cal.2d 486, 154 P.2d 687 (1944).

It is possible that pursuant to the inexplicit averments of the Complaint that plaintiff can prove that his knowledge of the negligence of the three named defendants which caused his injured physical condition did not accrue until January 27, 1980. See plaintiff's "Reply to New Matter." It is possible that pursuant to the averment of negligence in Paragraph Nine of the Complaint on the part of Lee Hospital that Dr. Wheeling was an ostensible agent of the hospital, or that the operating room personnel supplied by the hospital at the surgery negligently caused the injury to an anesthetized plaintiff which injuries were discovered by him in Florida on January 27, 1980.

## II.

█ The plaintiff's demand for interest on damages is not contrary to Rule 238 of the Pennsylvania Rules of Civil Procedure awarding prejudgment interest and will not be stricken. See *Jarvis v. Johnson,* 668 F.2d 740 (3d Cir. 1982).

An appropriate order will be entered.