FRED MACEY CO., Limited, v. MACEY.

(Circuit Court of Appeals, Sixth Circuit. February 23, 1905.)

No. 1,366.

1. FEDERAL COURTS—JURISDICTION—APPEAL.

On appeal to the Circuit Court of Appeals in an action removed from the state court it is the duty of the Court of Appeals to determine whether the record exhibits a case properly removable, regardless of whether any objection was taken to the jurisdiction of the federal court either in the court below or on appeal.

[Ed. Note.—Review of jurisdiction of circuit courts, see note to Excelsior Wooden-Pipe Co. v. Pacific Bridge Co., 48 C. C. A. 351.]

2. SAME—DIVERSITY OF CITIZENSHIP—REMOVAL PETITION—DESIGNATION OF COMPLAINANT.

Where a suit in equity was removed to the federal court on the ground of diversity of citizenship, an allegation that plaintiff was and is "a citizen of the state of Michigan," plaintiff elsewhere being styled a "partnership association organized and existing under the laws of the state of Michigan," in the absence of some further averment concerning the citizenship of the members of the association, was insufficient to establish that plaintiff was a citizen of the state of Michigan for the purposes of federal jurisdiction, unless plaintiff was a corporation of that state.

[Ed. Note.—Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

3. SAME—PARTNERSHIPS—STATE LAWS—CORPORATIONS.

Const. Mich. art. 15, § 11, provides that "the term 'corporations' as used in the preceding sections of the article, shall be construed to include all associations and joint stock companies having any of the powers or privileges of corporations, not possessed by individuals or partnerships." 2 Comp. Laws Mich. pp. 1883, 1888, as amended by Pub. Acts 1903, pp. 398–404, provide for the organization of "limited partnerships," and also for partnership associations in which the capital subscribed is alone responsible for the debt of the association, but they are not declared by the statute to be corporations, though some of the powers of a corporation are conferred on them. *Held,* that such an association was not a corporation so as to become a citizen of the state in which it had its domicile for the purposes of federal jurisdiction, independent of the individuals composing it.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 860, 861.]

Appeal from the Circuit Court of the United States for the Western District of Michigan.

Albert Crane, for appellant.

A. C. Denison, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is a bill in equity filed in a circuit court of the state of Michigan for the county of Kent. The complainant is described therein as "a limited partnership association organized and existing under the laws of the state of Michigan, and having its principal office and place of business at Grand Rapids, in said county of Kent and state of Michigan." The only defendant is Frank Macey, who is described in the bill "as a resident of the city of Grand Rapids aforesaid." This defendant seasonably filed his petition for the removal of the suit into the Circuit Court of the United States for the Western District of Michigan. The ground for removal, if any exists, is diversity of citizenship. The petition upon this subject alleges that he (the petitioner), "at the time of the commencement of the suit was, and still is, an alien, and a subject of the King of Great Britain and Ireland." The averments concerning the citizenship of the plaintiff were as follows:

"(3) That the controversy in this suit is between a citizen of the state of Michigan and a citizen of a foreign state.

"(4) That the complainant, at the time of the commencement of this suit was, and still is, a partnership association organized and existing under and by virtue of the laws of the state of Michigan, with the location of its business at the city of Grand Rapids, in the state of Michigan.

"(5) That the Fred Macey Company, Limited, within the meaning of section 11 of article 15 of the Constitution of the state of Michigan, and the organic act of the association, at the time of the commencement of this suit had, and now has, the powers and privileges of a corporation, not possessed by individuals or partnerships, and within the meaning of such constitutional provision and such organic act at the commencement of this suit was, and now is, a corporation."

Upon the filing of this petition, and the removal bond required by law, an order was entered in the state court allowing a removal, and the transcript of the record was duly filed in the court below. Thereupon the defendant filed a demurrer upon the ground that there was a plain and adequate remedy at law. This ground of demurrer was sustained and the bill dismissed. From this decree the plaintiff has appealed.

But preliminary to any consideration of the questions arising upon the decree of the court below there arises upon the face of the record the question of the jurisdiction of the court from which the appeal has been taken. This is a question which this court, as well as every court of the United States, must ask and answer for itself. The fact that no objection was made in the court below and that no objection has been made here cannot relieve the court from the duty of saying whether the record exhibits a case properly removable from the state court into the court below. Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 453, 20 Sup. Ct. 690, 44 L. Ed. 842, and cases therein cited. The right of removal depends solely upon the existence of diverse citizenship. The defendant's petition for removal very plainly and explicitly avers his own alienage, and, if the plaintiff below is a corporation of the state of Michigan, within the rule that a suit by or against a corporation in a

court of the United States is conclusively presumed, for jurisdictional purposes, to be one by or against citizens of the state creating the corporation, then the requisite diversity of citizenship exists and the case was properly removed. The averment of the sixth paragraph that the complainant was and is "a citizen of the state of Michigan" is insufficient unless it is a corporation of the state of Michigan. Such an allegation in respect of a plaintiff elsewhere styled a "partnership association organized and existing under the laws of the state of Michigan," unless such organization be a corporation within the jurisdictional rule, has "no sensible meaning attached to it," in the absence of some further averment concerning the citizenship of the members of the association. Lafayette Ins. Co. v. French, 18 How. 404, 405, 15 L. Ed. 451; Chapman v. Barney, 129 U. S. 677, 682, 9 Sup. Ct. 426, 32 L. Ed. 800; Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 454, 20 Sup. Ct. 690, 44 L. Ed. 842; Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. ——.

But it is urged that the fifth paragraph of the petition for removal, set out above, avers the complainant "was and now is a corporation," and that this is an averment of fact which must be accepted. But this language is explained, and, taken in connection with its context, is nothing more or less than a conclusion of law made by the pleader. Reading all of the relevant parts of the petition together, we find it clearly enough stated that the complainant is "a partnership association" organized and existing under and by virtue of the laws of the state of Michigan. The averment then comes only to this: that under the laws of Michigan the complainant association is a corporation. But it is the duty of this court to take judicial notice of the statute law of Michigan under which such associations are organized, and determine whether the circuit court was entitled to take jurisdiction of this case upon the ground that the association, under those laws, was a corporation within the meaning of the rule for jurisdiction as defined in Great Southern Fire Proof Hotel Co. v. Jones, cited above. In the case just cited the court, after referring to the rule that, for the purpose and within the meaning of the clause of the Constitution extending the judicial power of the United States to controversies between citizens of different states, a corporation was to be deemed a citizen of the state creating it, said:

"No such rule, however, has been applied to partnership associations, although such associations may have some of the characteristics of a corporation. When the question relates to the jurisdiction of a Circuit Court of the United States as resting on the diverse citizenship of the parties, we must look, in the case of a suit by or against a partnership association, to the citizenship of the several persons composing such association."

Unless, therefore, such associations, under the law of Michigan, are substantially different from similar organizations under the law of Pennsylvania, they are not corporations within the rule for jurisdiction, and this case must be governed by the case of the Great Southern Fire Proof Hotel Co. v. Jones, cited above, wherein the opinion of this court in respect of such associations in Andrews

Bros. & Co. v. Youngstown Coke Co., 58 U. S. App. 444, and 86 Fed. 585, 30 C. C. A. 293, is overruled. The law of Michigan provides for "limited partnerships," and also for "partnership associations" in which "the capital subscribed is alone responsible for the debts of the association." 2 Comp. Laws Mich. pp. 1883, 1888. But an examination of the act last referred to and its amendments, Pub. Acts 1903, pp. 398–404, No. 244, exhibits a striking likeness between associations created under the Michigan law to those organized under the Pennsylvania law. Andrews Bros. & Co. v. Youngstown Coke Co., 58 U. S. App. 444, 86 Fed. 585, 30 C. C. A. 293. That they are not declared by the statute to be corporations is a striking and significant fact. Neither can it be denied that some of the powers of a corporation are conferred. The Constitution of Michigan, by section 11 of article 15, provides that "the term corporations as used in the preceding sections of this article, shall be construed to include all associations and joint stock companies having any of the powers or privileges of corporations, not possessed by individuals or partnerships." The Constitution of Pennsylvania contained a like provision, but the Supreme Court of the United States regarded the fact as not affecting the question further than to place such associations under the restrictions imposed by that article upon corporations. Great Sou. Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 456, 20 Sup. Ct. 690, 44 L. Ed. 842. The judicial decisions of Michigan have been examined which bear upon this question. Rouse-Hazard Co. v. Cycle Co., 111 Mich. 251, 69 N. W. 511, 38 L. R. A. 794; Staver & Abbott Mfg. Co. v. Blake, 111 Mich. 283, 69 N. W. 508, 38 L. R. A. 798. Neither case presented any question calling for a settlement of the question of the corporate character of such associations. In the case first cited the case involved the question as to whether a member might, with the consent of other members, pay up his subscription by giving his promissory notes, and whether his stock was thereby paid up when the notes had been sold for money and the proceeds applied to association purposes. In that case the court said:

"That as to the question whether the law of limited partnerships applies to the defendant, or the law of corporations, the answer is that the case must be controlled by the law applicable to corporations."

In the other case cited above the court applied the rule of estoppel to those who had dealt with the association as an association applicable to persons dealing with corporations as such; the court saying:

"We see no reason why the doctrine of estoppel should not be applied in the one case as well as to the other. There is no difference in principle between the two. Each is a legal entity, whose sole warrant for existence is found in, and whose powers and liabilities were fixed by, statute. The doctrine of estoppel in this case need not, however, be based upon the determination of the question as to whether the Grand Rapids Storage Co., Ltd., was a corporation."

Thus there has never been any decision of the state of Michigan which determines that these associations are corporations. Indeed, the Michigan cases do not even characterize them as "quasi corpo-

rations," as did the Pennsylvania courts. We see no ground upon which we can reasonably distinguish this association from those under view in the case of The Great Southern Fire Proof Hotel Co. v. Jones, so often cited above. There being no allegation as to the citizenship of the members of this association either in the original bill or in the petition for removal, there is no presumption as to their citizenship arising from the fact of organization under the law of Michigan.

After the question of the jurisdiction of the circuit court had been made by the court, counsel filed a stipulation by which it was agreed that the original bill should be so amended as to aver that each and every member of the complainant association at the time of the filing of the bill was, and now is, a citizen of a state of the United States. When the matter is one amendable in the court below, and the parties agree to the amendment being made in this court, it is within the power of the court to allow such amendment without sending the case back to have the amendment made. In Fletcher v. Peck, 6 Cranch, 87, 127, 3 L. Ed. 162, and Kennedy v. Georgia State Bank, 8 How. 586, 611, 12 L. Ed. 1209, amendments by consent were allowed, the matter being amendable in the court below. In Udell v. Steamship Ohio, 17 How. 18, 15 L. Ed. 42, the amendment of a libel was refused. Gates v. Goodloe, 101 U. S. 612, 25 L. Ed. 895, and Bowden v. Johnson, 107 U. S. 251, 27 L. Ed. 386, presented questions concerning the substitution of one plaintiff in error for another. In United States v. Hopewell, 51 Fed. 798, 2 C. C. A. 510, there was presented the question as to the circumstance under which an appellate court may allow an amendment. The opinion was by Justice Gray, for the First Circuit Court of Appeals. That great judge said:

"When any question is made as to the allowance of such an amendment, the usual and proper practice is to remand the case to the Circuit Court to deal with that question. But when, as in this case, the parties agree to the amendment, and to facts which justify and require it, the amendment may be made in the appellate court."

But the proposed amendment in the case before us is not one which could be made in the Circuit Court, and cannot, therefore, be made here, although the parties consent. If neither the petition for removal nor any part of the record, on its face, showed a removal case, the case was not in law removed. The state court did not lose jurisdiction nor did the United States court acquire it. If the court below acquired no jurisdiction because of this vital defect, it has no authority to allow an amendment, but should remand the case to the state court from which it was unlawfully removed. Crehore v. O. & M. Ry. Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249; Powers v. C. & O. Ry. Co., 169 U. S. 92, 101, 18 Sup. Ct. 264, 42 L. Ed. 673. We have been referred to Kansas City Ry. Co. v. Pranty (C. C. A.) 133 Fed. 13, where an amendment was allowed by the Circuit Court of Appeals for the Fifth Circuit in a case which had been removed upon an insufficient averment of citizenship. We think that court did not notice the distinction between a case originating in the Cir-

cuit Court and one removed from a state court, or an amendment in a removed case where the essential facts to justify a removal were stated in the petition to remove, the amendment pertaining only to details. Carson v. Dunham, 121 U. S. 421, 427, 7 Sup. Ct. 1030, 30 L. Ed. 992; Martin v. B. & O. Ry. Co., 151 U. S. 673, 690, 14 Sup. Ct. 533, 38 L. Ed. 311.

The result is that we must refuse the application to amend. The judgment of dismissal upon the questions made by the demurrer must be reversed, and the court below directed to enter an order remanding the case to the state court.