ROUNTREE v. ADAMS EXPRESS CO.

(Circuit Court of Appeals, Eighth Circuit. November 7, 1908.)

No. 2,774.

1. COURTS (§ 315*) — FEDERAL COURTS — DIVERSITY OF CITIZENSHIP — "JOINT-STOCK COMPANY."

Where diversity of citizenship was the basis of federal jurisdiction in a suit to restrain defendant from prosecuting an action in the state court, and a bill alleged that complainant was a "joint-stock company" duly organized and existing under the laws of the state of New York and a citizen of that state, and that defendant was a citizen of Missouri, where the suit was brought, jurisdiction was not shown, since a "joint-stock company" is not a corporation but a partnership, and it could not be presumed that the members were all nonresidents of Missouri.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 861; Dec. Dig. § 315.*

For other definitions, see Words and Phrases, vol. 4, pp. 3816, 3817.

Diverse citizenship as ground for federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 289*)—FEDERAL COURTS—JURISDICTION—INTERSTATE COMMERCE.

A bill by an express company to restrain a messenger's wife from suing a railroad company for her husband's death because of the messenger's contract to save the express company and any of its contracting railroads

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

harmless from any liability resulting from personal injuries to him, etc., did not state a case arising under Const. U. S. art. 1, § 10, relating to interstate commerce, or under the fourteenth amendment of such Constitution, so as to entitle complainant to sue in the federal courts on that ground.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 289.*

Jurisdiction in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Mining Co., 35 C. C. A. 7.]

Appeal from the Circuit Court of the United States for the Western District of Missouri.

H. R. Rountree was the husband of the defendant below, and the appellant here, and at the time of his death was an express agent in the employ of the complainant and appellee. While thus engaged he was killed in a collision which occurred in the state of Kansas. He entered upon his employment under a contract which bound him: First, to execute and deliver to the person or corporation owning or operating the railroad upon which he might be injured, a good and sufficient release, under his hand and seal, of all claims, demands, and causes of action arising out of such injury. Second, he ratified all contracts made by the Express Company with any railroad company, and particularly the St. Louis & San Francisco Railroad Company, upon which he was to run, relative to the ultimate liability of the express company to save the railroad company harmless from damages occasioned to said Rountree through negligence of said railroad or its employés, and did expressly agree to be bound by said agreement as fully as if he were a party thereto. Third, he assumed all risks of accidents and injuries which he might sustain in the course of his employment, occasioned or resulting from the gross or other negligence of any corporation engaged in operating any railroad, or of any employé of any such corporation, or otherwise. Fourth, he agreed to indemnify and save harmless the express company of and from any claims which might be made against it by any corporation under any agreement with the express company, theretofore or thereafter made, arising out of any claim made by said Rountree on his part, or by or on the part of his legal representatives, or any damages sustained by him or them by reason of any injury to him, or by reason of his death. Fifth, he bound himself, his heirs, executors, and administrators, for the payment to the express company, upon demand, of any sum which it might thereafter be compelled to pay in consequence of any such claim, or in defending the same. The appellant here, Mrs. Amy J. Rountree, instituted an action against the St. Louis & San Francisco Railroad Company in the proper court of the state of Kansas to recover damages for the death of her husband. The bill avers that the action is now pending, and that the plaintiff therein intends to prosecute the same to judgment, and that in case judgment is recovered the railroad company threatens to sue the complainant in this suit on a contract entered into by the complainant with the railroad company to indemnify that company and save it harmless from all such claims. It is further averred that both Rountree and his estate and the defendant are insolvent, and that, if it is compelled by the railroad company to pay the threatened judgment, it will suffer irreparable loss. The bill asked that Mrs. Rountree be decreed to execute and deliver to the St. Louis & San Francisco Railroad Company a good and sufficient release, under her hand and seal, of all claims and causes of action arising out of the injury or death of the said H. R. Rountree, and for a perpetual injunction restraining the said Amy J. Rountree, her agents and attorneys, from prosecuting said action against the St. Louis & San Francisco Railroad Company. An answer was filed to this bill, admitting the contract above described, and raising numerous issues to which it is not necessary to refer specifically. The cause was submitted upon bill and answer, and resulted in a decree in favor of the complainant, to review which this appeal is sued out.

E. F. Ware (Biddle & Lardner, Edwin Frieze, and Ware, Nelson & Ware, on the brief), for appellant.

William C. Scarritt (Elliott H. Jones and Edward L. Scarritt, on the brief), for appellee.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. We cannot enter upon the consideration of any of the interesting questions raised in this case and argued by counsel with distinguished ability, for the reason that it appears upon the face of the bill that the trial court was without jurisdiction of the cause. The basis of jurisdiction is the diversity of citizenship of the parties. The bill alleges that the Adams Express Company is a "joint-stock company" duly organized and existing under the laws of the state of New York, and a citizen of that state, and that the defendant is a citizen of the state of Missouri. The averment that the complainant is a joint-stock company is not equivalent to the statement that it is a corporation. This precise question was presented to the Supreme Court in the case of Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800. That was a suit brought by the United States Expresss Company in the name of its president. It was described, as the complainant here is, as a joint-stock company, organized under and by virtue of a law of the state of New York, and a citizen of that state. The court of its own motion took cognizance of this defect, and reversed the judgment below, with direction to dismiss the case. Speaking to this point, the court said:

"On looking into the record, we find no satisfactory showing as to the citizenship of the plaintiff. The allegation of the amended petition is that the United States Express Company is a joint-stock company organized under a law of the state of New York, and is a citizen of that state. But the express company cannot be a citizen of New York within the meaning of the statutes regulating jurisdiction unless it be a corporation. The allegation that the company was organized under the laws of New York is not an allegation that it is a corporation; in fact, the allegation is that the company is not a corporation, but a joint-stock company—that is, a mere partnership. And, although it may be authorized by the laws of the state of New York to bring suit in the name of its president, that fact cannot give the company power, by that name, to sue in a federal court."

A similar question was presented in the case of Great Southern Fire Proof Hotel Company v. Jones, 177 U. S. 450, 20 Sup. Ct. 690, 44 L. Ed. 482. The defendant there was a limited partnership organized under a statute of Pennsylvania, and clothed with many of the attributes of a corporation. In fact, those limited partnerships so nearly resemble a corporation that the Circuit Court of Appeals of the Sixth Circuit in Andrews Brothers Company v. Youngstown Coke Co., Limited, 86 Fed. 585, 30 C. C. A. 293, held them to be corporations for the purpose of conferring jurisdiction upon the federal courts. But the Supreme Court, in the case of Great Southern Fire Proof Hotel Company v. Jones, declined to accept this interpretation, and refused to extend the presumption that the stockholders of a corporation are citizens of the state under which it is organized, to cover such limited partnerships, and reversed the case, with direc-

tions to dismiss it for want of jurisdiction. The same rule is again enforced, upon a full review of the authorities, in Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160.

The complainant in the bill attempts to save the jurisdiction of the court by alleging that the contracts between it and the railroad company, and also between it and Mr. Rountree, were made and entered into for the purpose of carrying on commerce among the states, and claims the protection of the clause of the Constitution dealing with interstate commerce, and also section 10 of article 1 of the Constitution; and also the fourteenth amendment. It is quite manifest, however, that this is not a case arising under either of those provisions of the federal Constitution. Re Metropolitan Receivership, 208 U. S. 90, 109, 28 Sup. Ct. 219, 52 L. Ed. 403. It is therefore the duty of this court to reverse the judgment below, and direct that the suit be dismissed for want of jurisdiction, and it is so ordered.

NOTE.—The following is the opinion of Smith McPherson, District Judge, filed in the court below:

SMITH McPHERSON, District Judge. The complainant asks for a writ of injunction enjoining the respondent from prosecuting an action at law against the St. Louis & San Francisco Railway Company, now pending in the state district court of Cherokee county, Kan., to recover damages as the widow of R. H. Rountree, who was killed by an express car on said road being wrecked in Cherokee county, Kan., February 14, 1906. The defendant insists that by reason of section 720 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 581) in no event can this court order the writ. That statute in effect is that an injunction by a United States court shall not issue to stay proceedings in any court of a state.

This is not an action to enjoin the Kansas state court. That court is one of general jurisdiction, having all the powers of any court, both at law and in equity. It is of equal dignity and power with this court. That court allows any defense, legal or equitable, or both, including affirmative equitable relief in an action at law; but in my opinion section 720 has no application whatever. This action is brought to obtain alleged equitable relief. If a like bill in equity to this could be maintained in the state court of Dade county, Mo., where defendant herein resides, then this bill can be maintained; for surely this court has equal powers, although no greater, than has a state court, on proper allegations of diverse citizenship, or those showing a federal question.

Complainant is doing a general express business over the lines of said railway, through and across Missouri, Arkansas, Kansas, Indian Territory, and Texas. In 1902 it entered into a contract with the railway for carrying its cars and messengers, and as a part of the consideration thereof it was agreed that the express company would save the railway company harmless by reason of the injury to, or loss of life of, any express messenger on account of injuries or deaths occasioned on the railway. In January, 1904, R. H. Rountree entered into a written agreement with the express company to the effect that he, if employed, would assume all risks of accidents and injuries, including acts of negligence of the railway, while in or about his business as express messenger, and that both he and his legal representative would save the express company harmless from any claims that the railway company might make against it by reason of an injury or death arising from the operation of said express cars, and such agreement was a part of the consideration of his employment as messenger; and while so employed in an express car on the line of said road in February, 1906, in Cherokee county, Kan., the express car in which he was at work as messenger was wrecked, resulting in his death soon thereafter. No letters of administration were taken out, and the widow brought suit as above stated. The railway company pleaded the two contracts, which on demurrer were held by the Kansas court to constitute no defense, because, as is said, of being against public policy. The bill herein charges the

estate of R. H. Rountree to be insolvent, and at the argument it is conceded that the widow is insolvent.

This court judicially notices the statutes of Kansas, as well as the holdings of its courts, from which it is to be said that in that state a contract attempting to limit the common-law liabilities of a carrier, or a contract against negligence, is void; and it is likewise to be said that this court, sitting n Kansas, would observe the statutes of that state, and would follow the holdings of the state courts construing its statutes. These things being so, there can be no doubt of the correctness of the holding of the Kansas state court in eliminating the alleged defenses pleaded in the action of Mrs. Rountree against the railway. These matters are stated thus broadly, and, as I believe correctly, and as much so as stated by defendant's counsel at the hearing herein, because it was urged that the purpose of this application is to obtain rulings by this court contrary to the rulings of the Kansas court in the law action referred to. I do not so understand the purpose of this bill. It may or may not be so that in the end the Kansas state courts would give the relief herein prayed. That is a question wholly academic, a discussion of which could serve no purpose. My attention has not been called to any decision of the Kansas courts on the question herein presented.

One question here is as to the validity of the contract between the express company and the railway company. At the argument it was practically conceded that such a contract is valid, and that the express company can be compelled to reimburse the railway company for all damages it may have to pay Mrs. Rountree; and, whether conceded or not, this court must so hold. Railroad v. R. R. News Co., 151 Mo. 373, 52 S. W. 205, 45 L. R. A. 380, 74 Am. St. Rep. 545; Phœnix Ins. Co. v. Erie Co., 117 U. S. 312, 6 Sup. Ct. 750, 29 L. Ed. 873. And it is likewise so that the contract between Rountree and the express company was and is a valid and enforceable contract. Railroad v. Voight, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560; Railroad v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513. A part of that agreement was supported by a valid and ample consideration, that he would give full releases and acquittances for all claims arising in favor of himself or estate for any injury to him, or by reason of his death occasioned by the railway while at his work as such express messenger.

At common law an action for a death occasioned by a wrongful or negligent act could not be maintained. Such a recovery can only be had, regardless of where the suit may be brought, under a statute allowing it of the date where the negligent or wrongful act was committed. But the Kansas statute allowing such recovery allows it only if the person might have "maintained an action had he lived." Gen. St. 1901, § 3871. Whether the cause of action accrued to Rountree is not certain, as the bill is quite indefinite as to that point; the allegation being that shortly after the wreck he died. But whether he was instantly killed, or survived for such time that the cause of action accrued to him, I do not regard as important as to the decision now to be made, because, if no cause of action could have been maintained by him if he had lived, neither his widow nor legal representative can maintain an action. Railroad v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513; Hecht v. Railroad, 132 Ind. 507, 32 N. E. 302; Southern, etc., v. Cassin, 111 Ga. 575, 36 S. E. 881, 50 L. R. A. 694.

If an administrator had been appointed, then the action in the Kansas court would have been by him, and the recovery payable on distribution to the widow. In that case the administrator would recover from the railway, and the railway would recover a like sum from the express company, and the express company the same sum from the estate of decedent. So that as the net results of three lawsuits the widow would take nothing on distribution of the estate. The insolvent estate would commence with nothing and would have nothing at the conclusion. Why have such idle but expensive litigation? The question is not what another Kansas court would hold. The Cherokee county, Kan., district court in the law action for damages cannot determine the matter for obvious reasons. The railway company cannot plead the contracts, because of a lack of privity. Plaintiff cannot make the express company a defendant, because the express company committed no tort. If the express company files an intervention in that case, such a pleading will be stricken from

the files on motion of Mrs. Rountree, as the court will hold the express company to be an intermeddler or mere interloper. So that, if the express company is to be granted relief, it must be in an independent action in equity; and the two contracts being valid, and Mrs. Rountree being only entitled to recover provided Mr. Rountree could have recovered, had he lived, and this court having jurisdiction over Mrs. Rountree, the conclusion follows that she should be enjoined from prosecuting the law action, obtaining a recovery, and placing a recovery beyond reach, to the damage of complainant.

The case must be treated as though Rountree had lived and gave releases, as he, for a valuable consideration, agreed to give.