WISE v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN.

(Circuit Court of Appeals, Eighth Circuit. August 26, 1918.)

No. 5127.

1. APPEAL AND ERROR ⊜═673(2)—RECORD—EVIDENCE—CLAIM OF APPELLEE.
   Defendant's claim, that there was no proof of authority in its president and secretary to render it liable for libel in their letters giving reason for rejecting claim under one of its accident certificates, is unavailing on error to direction of verdict for it; only part of all its constitution in evidence being in bill of exceptions, and that part giving them broad power in the premises.

2. LIBEL AND SLANDER ⊜═34—"PRIVILEGED COMMUNICATION."
   A communication is privileged, if made bona fide by one having an interest in the subject-matter to another also having an interest in it, or standing in such a relation that it is a reasonable duty, or is proper, for the writer to give the information.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privileged Communication.]

3. APPEAL AND ERROR ⊜═695(3)—RECORD—EVIDENCE.
   Defendant's constitution, in evidence in action for libel based on letters of its president and secretary to one of its local lodges, giving reason for rejecting plaintiff's claim under an accident certificate, not being in the record, it cannot be said there was no evidence of the members addressed having an interest in the subject-matter, relative to it, and the occasion being privileged.

4. APPEAL AND ERROR ⊜═673(2)—RECORD—EVIDENCE.
   Relative to claim in action for libel based on letters of defendant's president and secretary, communicated to a local lodge, rejecting plaintiff's claim on an accident certificate and giving reason, that the occasion called for mere rejection of claim, the form of certificate not being in the record, it cannot be said the statements did not relate to defenses provided for by it.

5. LIBEL AND SLANDER ⊜═51(1)—CONDITIONAL PRIVILEGE—MALICE.
   Though communication be conditionally privileged, one defamed thereby may recover, if the statement was made with express malice.

6. LIBEL AND SLANDER ⊜═109—PRIVILEGE—MALICE—EVIDENCE.
   Malice, in case of communication conditionally privileged, may be proved by showing personal feeling between the parties, or by violence of language and manner of publication.

7. LIBEL AND SLANDER ⊜═123(8)—MALICE—QUESTION FOR JURY.
   Evidence in libel based on conditionally privileged communications of defendant's president and secretary rejecting plaintiff's claim under accident certificate, and giving reason therefor, held to make question of malice one for the jury.

8. COURTS ⊜═315—FEDERAL JURISDICTION—CITIZENSHIP — UNINCORPORATED SOCIETY.
   If defendant is an unincorporated society, the citizenship of its members determines the jurisdiction of the federal court.

9. COURTS ⊜═280—FEDERAL COURTS—JURISDICTION—DETERMINATION.
   That diversity of citizenship of the parties, necessary to give a federal court jurisdiction, has not been established as it should be, may be noticed by the court of its own motion.

   Stone, Circuit Judge, dissenting.

---

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action by Frank M. Wise against the Brotherhood of Locomotive Firemen and Enginemen. Verdict was directed for defendant, and plaintiff brings error. Reversed.

Humphrey Barton, of St. Paul, Minn. (John H. Kay, of Chicago, Ill., and E. L. Carroll, of Creston, Iowa, on the brief), for plaintiff in error.

D. W. Higbee, of Creston, Iowa, for defendant in error.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. In an action for libel a verdict was directed for defendant at the close of the evidence and plaintiff brings error. The parties will be designated as plaintiff and defendant, as they appeared in the district court. The plaintiff was a member of the Brotherhood of Locomotive Firemen and Enginemen, belonging to a local lodge in Iowa, and was the holder of a certificate issued by the society promising to pay him $3,000 if he lost, by accident, a hand at or above the wrist. The plaintiff was a fireman on a railway engine, and lost his hand because it was run over by the wheel of the engine tender. He applied to the society for the payment of the $3,000. The officer of the society who held the position of secretary and treasurer (hereafter called secretary) was charged with the duty of examining and passing upon the proofs of loss in such cases, and the president of the society had the decision of appeals made to him by subordinate lodges or members. The secretary, after receiving proofs of loss from the plaintiff, made some investigations as to the cause of the injury, including a visit to the scene of the injury, in company with the plaintiff, and heard the plaintiff's narrative of the manner in which the injury was inflicted. The plaintiff told him that he was standing on the step on the left side of the tender, when a sudden movement of the engine forward threw him from the step, and his trousers leg was caught by some protruding part of the step and he was dragged on his back in this manner, as the engine went forward 2½ car lengths, and then his trouser leg let loose and the tender ran over his hand, so that amputation was necessary. The plaintiff told him he received no injuries other than to his hand. After these investigations the secretary wrote plaintiff a letter, declining to pay him for the loss of his hand, and added:

"My reason for declining to make payment of the amount of certificate is that I am fully satisfied that the loss of your hand was not an accident, but was a self-inflicted injury for the purpose of trying to collect the amount of the beneficiary certificate held by you in the Brotherhood of Locomotive Firemen and Enginemen."

The secretary at the same time sent a copy of this letter to the secretary of the local lodge to which plaintiff belonged, with a note that the letter was self-explanatory, and the letters were read before the members at a meeting of the lodge. Many of the local lodge

members united in a petition of protest and appeal to the president, and the secretary then stated to the president the facts as he understood them, and the president wrote the secretary of the local lodge a letter which contained the following statement:

"Your letter of July 29th, with the 'petition' or 'protest' signed by a considerable number of members of Lodge 640 in the Wise case, has been received, and an investigation conducted by the general secretary and treasurer, accompanied by the general medical examiner, leads to the belief that Brother Wise has deliberately attempted to defraud this Brotherhood. The facts appear to be that before he lost his hand he had but recently increased his insurance to $3,000, he had insurance in the Fidelity & Casualty Company, he had insurance in the 'Relief Department' of the C., B. & Q. R. R., he has entered suit against the C., B. & Q. R. R. Co. and has now employed an attorney to enter suit against this Brotherhood. These circumstances, taken collectively, lead us to believe that there was a deliberate purpose on the part of Brother Wise to defraud this Brotherhood. * * * They probably cannot conceive how a man would deliberately sacrifice a hand for $6,000, or $8,000. You would be surprised how many members do sacrifice hands and feet for less money than this, in several of which cases we have defeated the cases in court. * * * I urge upon the members of your lodge to not join, even unconsciously, in any possible attempt on the part of any one to defraud this Brotherhood."

The plaintiff subsequently brought suit against the Brotherhood for the amount payable by his certificate, and the defendant's answer alleged as one defense that the injury was not suffered accidentally, but intentionally. At the time of trial judgment was entered in favor of plaintiff, by consent of the parties, for the amount prayed. The libels charged are the statements set forth in the letters which have been quoted. The answer of the defendant pleaded qualified privilege and lack of malice.

[1] There is no contest made as to the defamatory character of the letters, but there is a claim made by the defendant that there was no proof of authority of the writers of these letters to render the society liable for libelous words contained in them. The constitution of the defendant was offered in evidence, but only a portion of it is contained in the bill of exceptions. That portion gives broad power to the president and secretary in managing the business of the society and in passing upon claims of loss under its certificates. In the absence of the remaining portions of the constitution, it cannot be said that these officers may not have had express authority to write these letters, and to state the reasons to the local lodge for declining to make payment.

[2, 3] The main question in the case is whether, as a matter of law, the evidence shows that the defendant is excused from liability because the communications were privileged and made in good faith. A communication is privileged if made bona fide by one who has an interest in the subject-matter to one who also has an interest in it or stands in such a relation that it is a reasonable duty, or is proper, for the writer to give the information. Massee v. Williams, 207 Fed. 222, 124 C. C. A. 492; National Cash Register Co. v. Salling, 173 Fed. 22, 97 C. C. A. 334; Merchants' Ins. Co. v. Buckner, 98 Fed. 222, 39 C. C. A. 19; Locke v. Bradstreet Co. (C. C.) 22 Fed. 771; Erber & Stickler v. R. G. Dun & Co. (C. C.) 12 Fed. 526; Newell

on Slander and Libel (3d Ed.) §§ 493, 607; Odgers on Libel and Slander (5th Ed.) 280. The letters related to a claim of liability by the plaintiff against the defendant, and the evidence offered may have shown that the members of the local lodge had a financial interest in question of the validity of plaintiff's claim. Quite commonly such claims are paid by an assessment levied on all the members of such society, and, in the absence from the record of the constitution, it cannot be said that the court did not have evidence before it showing that the members addressed had an interest in the subject-matter, and that the occasion and subject-matter were privileged.

[4] It is claimed that the occasion did not call for more than a mere refusal to make payment of plaintiff's claim and that the reasons given for such refusal were not pertinent to the refusal and therefore the jury should have been allowed to say that the protection of privilege was taken from the defendant. Without deciding that a fair statement of the reasons for making such a decision may not be given instead of the bare announcement of the result reached (see Merchants' Ins. Co. v. Buckner, 98 Fed. 222–232, 39 C. C. A. 19), it cannot be said on this record that the statements did not relate to legitimate defenses claimed by the society. The form of certificate issued by defendant to plaintiff was not in the printed record. It is therefore impossible to say that the statements made did not relate to conditions and defenses provided for by the certificate.

[5, 6] Did the court err in failing to submit to the jury the question of malicious publication? Although a communication may be conditionally privileged, the one defamed may recover if the statement was made with express malice. White v. Nicholls, 3 How. 266, 11 L. Ed. 591; Nalle v. Oyster, 230 U. S. 165, 33 Sup. Ct. 1043, 57 L. Ed. 1439; Massee v. Williams, 207 Fed. 222, 124 C. C. A. 492; Odgers on Libel and Slander (5th Ed.) 342; Newell on Slander and Libel (3d Ed.) §§ 391, 396, 496; Folkard on Slander and Libel (7th Ed.) 194. The proof of malice in such cases may be made by showing personal feeling between the parties or may be shown by the violence of the language used and the manner of its publication. Newell on Slander and Libel (3d Ed.) § 397; Folkard on Slander and Libel (7th Ed.) 193; Odgers on Libel and Slander (5th Ed.) 345.

[7] In the case of White v. Nicholls, supra, it was said, referring to privileged communications:

"And we think that, in every case of a proceeding like those just enumerated, falsehood and the absence of probable cause will amount to proof of malice."

The evidence in this case shows that the secretary knew plaintiff's statement of facts showing an accidental injury. He had made some independent investigation also, but he did not disclose all that he had learned by such inquiries. He testified that he had observed the nature of the ground over which plaintiff said he had been dragged; that he had learned there was some doubt that the car step had been broken as plaintiff claimed; that the plaintiff had recently increased his insurance with defendant. He also believed that in many other cases members of his order had suffered voluntary loss of a hand or foot in order to receive the insurance. There was no proof that any

witness saw the accident except the plaintiff. The secretary testified that he believed the statements made in his letter were true. There was evidence from which the jury could have found them, or some of them, to be false, and on that hypothesis it was a question for the jury whether they were made without probable cause. The evidence that the jury might consider as showing malice was stronger in the case of the president's letter, for he did not testify whether he believed his statements to be true or otherwise. For this reason, the judgment must be reversed.

[8, 9] A question of jurisdiction is also suggested by the record. The amended petition states that the plaintiff is a citizen of Iowa, and that the defendant is a fraternal beneficiary society having its principal place of business in Illinois, and not incorporated or organized under the laws of Iowa. The answer asserts that the defendant is an unincorporated society. The proofs do not show whether or not the defendant is a corporation. If the defendant is an unincorporated society, the citizenship of its members determines the jurisdiction of the federal court. Irving v. Joint Dist. Council, U. B. of Carpenters (C. C.) 180 Fed. 896; Taylor v. Weir, 171 Fed. 636, 96 C. C. A. 438; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Fred Macey Co. v. Macey, 135 Fed. 725, 68 C. C. A. 363; 5 Corp. Jur. 1334–1365. The membership of citizens of Iowa in the society is indicated by the testimony. The question was not presented by counsel but is one that the court may notice. Chicago, R. I. & P. Ry. Co. v. Stephens, 218 Fed. 535, 134 C. C. A. 263; Fred Macey Co. v. Macey, supra; La Belle Box Co. v. Stricklin, 218 Fed. 529, 134 C. C. A. 257; Chicago & A. R. Co. v. Allen, 249 Fed. 280, —— C. C. A. ——. Diversity of citizenship should be established.

Reversed, with costs.

STONE, Circuit Judge (dissenting). The circumstances under which the letters were written created a privilege. In my judgment, the evidence is clear that the privilege was honestly exercised, with no ill feeling toward plaintiff in error, and under conditions which prevented the statements from being regarded as reckless utterances. They were genuine opinions, honestly expressed, and based upon an honest attempt and investigation to ascertain the truth.