ATTORNEY GENERAL *v.* HILL-DAVIS CO.

1. JOINT STOCK COMPANIES—PARTNERSHIP ASSOCIATIONS—CORPORATIONS—CONSTITUTIONAL LAW.

Express enumeration in Constitution of purposes for which partnership associations are declared corporations is implied exclusion of their being corporations for other purposes (Constitution, art. 12, § 2).

2. Same.

Partnership associations are not corporations except for purposes expressly enumerated in Constitution (art. 12, § 2; 2 Comp. Laws 1929, § 9924).

3. Same—Constitutional Law.

Legislature is powerless by its fiat to make partnership association corporation (Act No. 327, Pub. Acts 1931).

4. Statutes—Constitutional Law—Corporations—Partnership Associations.

In so far as Act No. 327, Pub. Acts 1931, § 191, purports to repeal statutes providing for organization of partnership associations, it is unconstitutional; title referring to corporations only (Constitution, art. 5, § 21).

*Quo warranto* proceedings by Paul W. Voorhies, Attorney General, to forfeit the charter of Hill-Davis Company, Limited, a partnership association, limited. Submitted October 11, 1932. (Docket No. 62, Calendar No. 36,740.) Writ dismissed December 6, 1932.

*Paul W. Voorhies,* Attorney General, and *Wendell Brown,* Assistant Attorney General, for plaintiff.

*Norris, McPherson, Harrington & Waer,* for defendant.

Potter, J. Information in the nature of *quo warranto* by the attorney general to forfeit the charter of the Hill-Davis Company, Ltd., a partnership association, for failure to appoint an agent in this State, and pay a fee of $2 therefor, as prescribed by Act No. 327, Pub. Acts 1931, to the secretary of State. Defendant denies the State's right to a judgment of ouster.

1. Section 191 of Act No. 327, Pub. Acts 1931, purports to repeal "Act No. one hundred and ninety-one, Pub. Acts eighteen hundred and seventy-

seven, Act No. two hundred and sixteen, Pub. Acts eighteen hundred and eighty-one, Act No. twenty-one, Pub. Acts eighteen hundred and eighty-five, Act No. two hundred and forty-four, Pub. Acts nineteen hundred and three, Act No. sixty-three, Pub. Acts nineteen hundred and five, Act No. one hundred and eighty-eight, Pub. Acts nineteen hundred and five, Act No. forty-five, Pub. Acts nineteen hundred and nine, Act No. two hundred and fifty-two, Pub. Acts nineteen hundred and eleven, Act No. one hundred and five, Pub. Acts nineteen hundred and nineteen, Act No. twenty-five, Pub. Acts nineteen hundred and twenty-five.'' All the statutes thus attempted to be repealed govern partnership associations, provided to be organized by 2 Comp. Laws 1929, §§ 9909–9925. If section 191, Act No. 327, Pub. Acts 1931, is valid and repeals the statutes above enumerated, the Hill-Davis Company, Ltd., has ceased to exist (*People, ex rel. Ellis,* v. *Calder,* 153 Mich. 724 [126 Am. St. Rep. 550]), and plaintiff is not entitled to judgment of ouster against it.

2. The people claim Act No. 327, Pub. Acts 1931, is valid and applies to the Hill-Davis Company, a partnership association, organized as above indicated.

Section 2 of article 12 of the Constitution provides:

''The term 'corporation' as used in this article shall be construed to include all associations and joint stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships.''

This express enumeration in the Constitution of the purposes for which partnership associations are declared to be corporations is an implied exclusion of their being corporations for other purposes.

"Certain provisions of the Constitution are made applicable to 'all associations and joint stock companies, having any of the powers or privileges of corporations, not possessed by individuals or partnerships.' * * * But it does not follow that the term 'corporation,' as·thereafter used in legislation, must in every instance be so comprehensively construed. Had the Constitution makers so intended, they could easily have said so, and the fact that the provision was limited to the term as used in the preceding sections indicates a contrary intention." *Attorney General* v. *McVichie,* 138 Mich. 387.

Partnership associations are not declared to be corporations by the statute providing for their creation. They have been declared not to be corporations except for the purposes expressly enumerated in the Constitution.

(a) By the State court. *Attorney General* v. *McVichie, supra; Whitney Realty Co.* v. *Secretary of State,* 220 Mich. 234; *Michigan Trust Co.* v. *Herpolsheimer,* 256 Mich. 589, 596.

(b) By the Federal court of the sixth circuit. *Fred Macey Co., Ltd.,* v. *Macey,* 68 C. C. A. 363 (135 Fed. 725), (opinion by Mr. Justice Lurton).

(c) The original partnership association act of Michigan was substantially a reprint of the Pennsylvania act of 1874. *Rouse, Hazard & Co.* v. *Wayne Circuit Judge,* 104 Mich. 234, 238 (27 L. R. A. 577, 53 Am. St. Rep. 457); Purdon's Pennsylvania Statutes, title 59, chap. 3, § 341 *et seq.*

"There has never been any decision of the State of Michigan which determines that these associations are corporations. Indeed, the Michigan cases do not even characterize them as 'quasi corporations,' as did the Pennsylvania courts. We see no ground upon which we can reasonably distinguish this association from those under view in the case of

*Great Southern Fire Proof Hotel Co.* v. *Jones* (177 U. S. 449 [20 Sup. Ct. 690]), so often cited above." *Fred Macey Co., Ltd.,* v. *Macey, supra.*

The Supreme Court of the United States in *Great Southern Fire Proof Hotel Co.* v. *Jones,* 177 U. S. 449 (20 Sup. Ct. 690) had under consideration the question of whether partnership associations, organized under the Pennsylvania statute, were corporations. The court held partnership associations under the Pennsylvania act were not corporations.

(d) The Michigan statute in relation to partnership associations expressly recognizes that such partnership associations are not corporations. 2 Comp. Laws 1929, § 9924, provides how partnership associations may be reorganized as corporations. It is claimed that by Act No. 327, Pub. Acts 1931, partnership associations are in fact corporations. The legislature is powerless by its fiat to make a partnership association a corporation. 14 C. J. p. 110; *Mason* v. *Finch,* 28 Mich. 282.

3. Section 21 of article 5 of the Constitution provides, "No law shall embrace more than one object, which shall be expressed in its title." The title to Act No. 327, Pub. Acts 1931, is as follows:

"An act to provide for the organization, regulation and classification of corporations; to provide their rights, powers and immunities; to prescribe the conditions on which corporations may exercise their powers; to provide for the inclusion of certain existing corporations within the provisions of this act; to prescribe the terms and conditions upon which foreign corporations may be admitted to do business within this State; to require certain annual reports to be filed by corporations; to prescribe penalties for the violations of the provisions of this act; and to repeal certain acts and parts of acts relating to corporations."

There is nothing in this title which indicates it has anything to do with partnership associations. That part of the title which relates to repeal is "to repeal certain acts and parts of acts relating to corporations." Partnership associations, not being corporations, the provisions of section 191 of Act No. 327, Pub. Acts 1931, are not within the title of the act, and in so far as the act purports to repeal the statutes above quoted providing for the organization of partnership associations, it is unconstitutional. It follows the writ of *quo warranto* should be dismissed, but without costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.