279 F.2d 785
 Myrtle Frances BROCKI, Appellant,
v.
AMERICAN EXPRESS COMPANY, an Unincorporated Joint Stock Association, Appellee, and
DEMERY'S, INC., a New Jersey Corporation, Third-Party Defendant-Appellee.
 No. 13933.
 United States Court of Appeals Sixth Circuit.
 June 16, 1960.
 
 Harold Helper, Detroit, Mich., Max M. Marston, Detroit, Mich., on brief, for appellant.
 Richard C. Van Dusen, Detroit, Mich., Joseph H. Guttentag of McClintock, Fulton, Donovan & Waterman, Detroit, Mich., Ward Randol, Jr. of Dickinson, Wright, Davis, McKean & Cudlip, Detroit, Mich., on brief for appellees.
 Before CECIL, WEICK and POPE, Circuit Judges.
 POPE, Circuit Judge.
 
 
 1
 On February 19, 1953, appellant, a citizen of Michigan, filed this action in the court below against defendant American Express Company, which was alleged to be "a corporation organized and existing under and by virtue of the laws of the State of New York." The sole basis claimed for jurisdiction was diversity of citizenship of the parties. The defendant first answered denying the allegation that it was a corporation and alleging that it was an unincorporated joint-stock association having its principal office in New York City and having stockholder-members resident in the State of Michigan and other states and asserting that it had no citizenship other than that of its stockholder-members.
 
 
 2
 Approximately six years after the filing of the complaint (apparently no steps looking to trial had then been taken), American Express Company filed a motion to dismiss the action for want of jurisdiction. The motion was supported by an affidavit of an officer of the defendant stating that American Express Company was an unincorporated joint-stock association organized and existing under the laws of the State of New York; that it maintained its principal office there, and also maintained offices in the State of Michigan, in which latter state more than 200 of its stockholder-members were resident. Plaintiff resisted this motion, asserting that under the law of the State of Michigan defendant "is regarded as a New York corporation" and that it is "suable in Michigan as a corporation by the name by which it is known." There was no controversy as to the statute under which defendant was organized.
 
 
 3
 The trial court, holding that diversity jurisdiction was lacking, dismissed the action.
 
 
 4
 It seems plain that jurisdiction may be sustained here only if defendant can be held to be a corporation of the State of New York. The fact that it may be sued by its common name is not enough. Swan v. First Church of Christ, Scientist, 9 Cir., 225 F.2d 745, 747. Nor is it enough to say that defendant's organization has many features which permit it to operate and carry on its functions in a manner indistinguishable from that followed by corporations Arbuthnot v. State Automobile Insurance Association, 10 Cir., 264 F.2d 260, 262.
 
 
 5
 And it also seems plain that whether this defendant was made a corporation by New York depends upon the law of New York. It is significant here that the statute under which defendant was organized negatives an intention to treat such a joint-stock association as a corporation. Article I, § 2, of the General Associations Law (McKinney's Consolidated Law of New York Ann., c. 29, Vol. 18-A), provides: "As used in this chapter: 1. The term `joint stock association' includes every unincorporated joint stock association, company or enterprise having written articles of association and capital stock divided into shares, but does not include a corporation or a business trust."
 
 
 6
 The New York courts have occasion to consider whether similar joint-stock associations are, or are not, corporations. They have said they are not.
 
 
 7
 In People ex rel. Winchester v. Coleman, 133 N.Y. 279, 31 N.E. 96, 16 L.R.A. 183, the court was dealing with the question whether the National Express Company, a joint-stock association of that state, was properly regarded as a corporation. After viewing the history of New York legislation relating to such organizations, the court said, 31 N.E. at pages 97-98: "These last and quite recent enactments show that the legislative intent is still to preserve and not destroy the original difference between the two classes of organizations; to maintain in full force the common-law liability of associates, and not to substitute for it that of corporators; and, preserving in continued operation that normal and distinctive difference, to evince a plain purpose not to merge the two organizations in one, or destroy the boundaries which separate them."
 
 
 8
 That case was cited and followed in Hibbs v. Brown, 190 N.Y. 167, 82 N.E. 1108, where the court was considering the status of Adams Express Company, also a joint-stock association organized under the laws of New York.[1]
 
 
 9
 It follows that we must consider this to be an unincorporated association, and hence it cannot be deemed a citizen, apart from its members, for the purpose of diversity jurisdiction. Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800; Great Southern Fireproof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842; Thomas v. Board of Trustees, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160; Fred Macey Co. v. Macey, 6 Cir., 135 F. 725; Taylor v. Weir, 3 Cir., 171 F. 636; Rountree v. Adams Express Co., 8 Cir., 165 F. 152.[2]
 
 
 10
 Appellant cites the provision of Article X, § 4 of the New York Constitution: "The term corporations as used in this section, and in sections 1, 2 and 3 of this article shall be construed to include all associations and joint-stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships. And all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." This means no more than that for the purposes stated in those sections — 1, 2, 3 and 4 of Article X, joint-stock companies are subject to the same regulation as corporations. Attorney General v. Hill Davis Co., 261 Mich. 89, 245 N.W. 579. That such a provision does not suffice to make them corporations for the purpose of diversity of citizenship was noted in Fred Macey Co. v. Macey, supra.
 
 
 11
 Appellant cites Van Sant v. American Express Co., 3 Cir., 169 F.2d 355. Of that case, the trial court properly said: "We are convinced, however, that the Court's primary concern there had to do with capacity and that any observations as to jurisdiction are purely dicta and not determinative of any issue directly before that Court. The Court's attention there was directed toward a different question entirely, and the `distinction between suability and citizenship in this Constitutional sense may have been overlooked.' Swan v. First Church of Christ, Scientist, in Boston, supra, 225 F.2d at page 748, footnote 3."
 
 
 12
 There is nothing unusual about provisions in state statutes that for the purposes of those acts joint-stock associations, and other similar organizations, should be treated as corporations. Michigan has such a statute.[3] The validity of that provision has been upheld. Hemphill v. Orloff, 238 Mich. 508, 213 N.W. 867, 58 A.L.R. 507, affirmed 277 U.S. 537, 48 S.Ct. 577, 72 L.Ed. 978.[4] But such provisions do not operate to make such foreign organizations corporations for the purpose of diversity jurisdiction. The Michigan court itself has repeatedly held that for purposes other than those specially named in this statute, and in its constitution, which is similar to the New York constitution previously referred to, the distinction between corporations and unincorporated organizations such as this appellee is fully recognized. Michigan Trust Co. v. Herpolsheimer, 256 Mich. 589, 240 N.W. 6 (explaining Hemphill v. Orloff, supra); Attorney General v. Hill-Davis Co., 261 Mich. 89, 245 N.W. 579, 580.[5]
 
 
 13
 It is not questioned that should a state endow a business organization, by whatever name called, with all the powers and characteristics of a corporation, without declaring it not to be one, it might be found to be a corporation for diversity purposes. Such a case was People of Puerto Rico v. Russell & Company, 288 U.S. 476, 53 S.Ct. 447, 77 L. Ed. 903. That case dealt with a sociedad under the code of Puerto Rico, which carried the traditions of the civil law. But in deciding that case the court recognized the continued force of its decisions in Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800, and Great Southern Fireproof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842.[6] Here the New York statutes and the New York decisions have long, as we have noted, indicated that state's policy not to make organizations like appellee association corporations of that state. This purpose cannot be ignored.
 
 
 14
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Judge Hiscock said (82 N.E. 1111): "Of course, there can be no doubt that a joint-stock association differs from a corporation, or that in its original conception and ultimate analysis it is like a partnership in respect to the individual liability of its members. * * *" Proceeding, he noted the many attributes of a corporation which the modern joint-stock association has acquired, and called this a "quasi corporate entity". Judge Bartlett's concurrence (at page 1117) said: "It is unnecessary to point out in detail the very great difference between the joint-stock association and a corporation." Judge Werner's separate concurrence, in which some of the other judges also concurred, said (at page 1118): "But the company is concededly not a corporation, although our statutes have invested it with certain corporate attributes."
 
 
 [2]
 Cf. Hart and Wechsler, "The Federal Courts and The Federal System", p. 917: "Unincorporated associations have never been accorded a status as jural persons for purposes of diversity jurisdiction, nor has there developed a presumption of a single citizenship of the members. This is so even when by the applicable law they have the capacity to sue and be sued in the association name. The citizenship of all the members must be looked to, and not merely that of the officers and managers."
 And see Moore's Federal Practice, 2nd Ed., Vol. 3, p. 1412: "But in cases where jurisdiction is founded upon diversity of citizenship it is held that, although capacity has been accorded the unincorporated association to sue or be sued in its common name, the citizenship of the individual members must, nevertheless, be made to appear, and their citizenship must be wholly diverse from that of the opposing party or parties."
 
 
 [3]
 § 97, Michigan General Corporation Act (M.S.A. § 21.98, Comp.Laws 1948, § 450.97): "The term `corporations' as used in §§ 81 to 97, both inclusive, of this act shall be construed to include all associations, partnership associations limited, joint stock companies and common law trust or trusts created by statute, having any of the powers or privileges of corporations, not possessed by individuals or partnerships, under whatever term or designation they may be defined and known in the state where organized."
 Hence a foreign joint stock association, entering Michigan, is required by this section and one of the sections mentioned therein, to procure a certificate of authority from a Michigan commission, in the same manner as if it were a foreign corporation.
 
 
 [4]
 The record shows that appellee here complied with that requirement, and procured a certificate of compliance from the Michigan Corporation and Securities Commission. The certificate described American Express Company as a New York corporation
 
 
 [5]
 "This express enumeration in the Constitution of the purposes for which partnership associations are declared to be corporations is an implied exclusion of their being corporations for other purposes."
 
 
 [6]
 Said the Court: (288 U.S. 480, 33 S.Ct. 448) "The tradition of the common law is to treat as legal persons only incorporated groups and to assimilate all others to partnership. Chapman v. Barney, supra; Great Southern Fireproof Hotel Co. v. Jones, supra. The tradition of the civil law, as expressed in the Code of Puerto Rico, is otherwise. Therefore, to call thesociedad en comandita a limited partnership in the common-law sense, as the respondents and others have done, is to invoke a false analogy."